IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAJJI Y. McREYNOLDS,

Petitioner,

v.

SHERIFF DAVE RIEWESTAHL,

Respondent.[1]

OPINION AND ORDER

23-cv-862-wmc

---

Representing himself, Hajji Y. McReynolds filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction from Eau Claire County, Wisconsin. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this lenient standard, the court must dismiss this action for the reasons explained below.

OPINION

Petitioner McReynolds challenges a conviction entered against him on July 27, 2015, for delivery of a controlled substance (two counts) in Eau Claire County Case No. 2014CF872. (Dkt. #1.) Court records reflect that petitioner was convicted of those charges following a jury

[1] Petitioner originally named Hennepin County Sheriff Dawanna S. Witt as the respondent because he was in custody at the Hennepin County Jail in Minnesota when he filed this action. Because petitioner's most recent submission reflects that he is now confined in the Eau Claire County Jail, the court substitutes Eau Claire County Sheriff Dave Riewestahl as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

trial.[2] On July 27, 2015, the circuit court imposed a ten-year sentence, with five years' initial confinement in prison followed by a five-year term of extended supervision, running concurrently with a sentence imposed in a previous case.[3]

Petitioner's appeal from his conviction in 2014CF872 was dismissed on his appellate counsel's motion in favor of post-conviction proceedings in the circuit court. *State v. McReynolds*, 2016AP2153, 2018 WL 11429244 (Wis. App. Dec. 13, 2018). During that proceeding, petitioner argued that he was entitled to post-conviction relief because his trial counsel provided constitutionally ineffective assistance by failing to object to both inadmissible vouching evidence provided by the investigating officer as well as the State's elicitation of improper character evidence concerning petitioner's alleged affiliation with the Vice Lord gang. Petitioner also claimed that Wis. Stat. § 973.017(10m)(b) (2019-20), was unconstitutional as applied to him. Specifically, petitioner argued that he was denied his constitutional rights to a public trial and to be present at sentencing when, after the sentencing court imposed his punishment, it failed to state in open court the reasons for the sentences imposed and instead filed a written statement of the reasons for its sentencing decision. The circuit court denied the motion following a hearing on May 14, 2021, and the Wisconsin Court of Appeals affirmed

[2] Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice). Specifically, petitioner's underlying records are available on Westlaw and at Wisconsin Circuit Court Access, https://wcca.wicourts.gov (last accessed Aug. 26, 2026).

[3] Petitioner's extended supervision was subsequently revoked after he incurred new criminal charges. While it is possible that the ten-year sentence he received in 2015 has now expired, petitioner would have been "in custody" for purposes of federal habeas review as required by 28 U.S.C. § 2241, if his term of extended supervision had not ended by the time he filed his petition in 2023.

that decision. *State v. McReynolds*, 2022 WI App 25, 402 Wis. 2d 175, 975 N.W.2d 265 (April 12, 2022), *review denied*, 2022 WI 104 (Sept. 14, 2022).

In a petition that is dated August 25, 2023,[4] petitioner now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254, and asserts the following grounds for relief: (1) he was denied his due process right to a trial before an impartial judge and the right to be informed of the nature and cause of the accusation against him; (2) petitioner was incompetent to stand trial and the trial court failed to afford a competency hearing; (3) he was denied his right to hire the attorney of his choice at trial and was instead appointed a public defender; and (4) the trial judge was biased against him because he filed written grievances against him with the Wisconsin Judicial Commission. (Dkt. #1, at 5, 7-8, 10.)

A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *Picard v. Connor*, 404 U.S.

[4] The petition was filed originally in the U.S. District Court for the District of Minnesota, which subsequently transferred the action here after determining that petitioner challenged a conviction from a county located within the Western District of Wisconsin. (Dkt. #18.)

270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Available state court records confirm that petitioner did not present *any* of his proposed grounds for relief during his post-conviction proceeding. As a result, he did not fully or fairly raise them for adjudication in state court *before* seeking federal habeas corpus review.[5] The court issued an order directing petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies. (Dkt. #21.) Petitioner has filed a response, but he does not demonstrate that he properly exhausted any of his proposed claims nor does he show that the exhaustion requirement should be excused. (Dkt. #25.) The United States Supreme Court has long held that a federal habeas petition "should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex parte Royall*, 117 U.S. 241 (1886)). Although petitioner represents himself, his *pro se* status does not qualify as cause to excuse his procedural default. *See Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (neither a petitioner's *pro se* status nor factors such as mental illness, illiteracy, and low intelligence qualify as an external

---

[5] While it appears that petitioner filed a successive motion for post-conviction relief in January 2024, that motion was denied by the circuit court as procedurally barred during a hearing on May 28, 2024. Petitioner did not pursue an appeal to the Wisconsin Court of Appeals and his request for a supervisory writ was summarily denied by the Wisconsin Supreme Court, neither of which would have been sufficient to exhaust state court remedies on the merits of the claims he now seeks to assert. *See State ex rel. Warren v. Meisner*, 2020 WI 55, ¶ 13, 392 Wis. 2d 1, 944 N.W.2d 588 ("A petition for supervisory writ is not a substitute for an appeal."); *see also State ex rel. Dressler v. Circuit Court for Racine Cnty., Branch 1*, 163 Wis. 2d 622, 630, 472 N.W.2d 532, 536 (1991) (same).

impediment that can serve as cause). Because petitioner clearly failed to exhaust state court remedies that were available to him, his petition must be dismissed.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Hajji Y. McReynolds (dkt. #1) is DISMISSED without prejudice.

2. A certificate of appealability is DENIED.

3. The clerk of court shall enter judgment and close this case.

Entered on this 27th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge